SINGER / BEA LLP
Adam Cashman (Bar No. 255063)
acashman@singerbea.com
Doug Tilley (Bar No. 265997)
dtilley@singerbea.com
Stephanie L. Cobau (Bar No. 307713) (*N.D. Cal. admission pending*)
scobau@singerbea.com
601 Montgomery Street, Suite 1950
San Francisco, California 94111
Telephone: (415) 500-6080
Facsimile: (415) 500-6080

*Attorneys for Plaintiff Intuitive Surgical Operations, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTUITIVE SURGICAL OPERATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MIDBROOK, INC., a Michigan corporation,<br><br>Defendant. | CASE NO. 16-CV-00586<br><br>**COMPLAINT**<br><br>**(1) BREACH OF CONTRACT;**<br>**(2) BREACH OF THE COVENENT OF GOOD FAITH AND FAIR DEALING;**<br>**(3) CONVERSION**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Intuitive Surgical Operations, Inc. ("Intuitive"), for its Complaint against Defendant Midbrook, Inc. ("Midbrook"), upon information and belief, alleges and states as follows:

## THE PARTIES

1. Plaintiff Intuitive is a corporation organized and existing under the laws of Delaware, with its principal place of business in Sunnyvale, California.

2. Upon information and belief, Defendant Midbrook is a corporation organized and existing under the laws of Michigan, with its principal place of business at 2080 Brooklyn Road, Jackson, Michigan 49203.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Moreover, the contractual agreement at issue contains a forum selection clause conferring "exclusive jurisdiction" upon "state and federal courts sitting in Santa Clara County, California."

## FACTUAL BACKGROUND

5. On or around December 23, 2013, Intuitive and Midbrook entered into a written loan agreement, which was signed by an authorized representative of each party. A true and correct copy of the parties' agreement, redacted to protect financial account numbers in compliance with Fed. R. Civ. P. 5.2, is attached hereto as Exhibit A.

6. As set forth in the parties' signed agreement, Intuitive agreed to provide Midbrook a loan in the amount of $583,120 (the "Loaned Sum") to finance Midbrook's manufacture of certain ultrasonic washer products. Midbrook agreed to repay the Loaned Sum in monthly installments, with repayment of the entire Loaned Sum due within 12 months of Midbrook's receipt of the funds from Intuitive. Midbrook also agreed to pay the lower of 12 percent annual interest or the maximum interested rate authorized by law on any portion of the Loaned Sum still outstanding at the conclusion of the agreed-upon 12 month repayment period as well as on any monthly installment not paid within

15 days of its due date.  Midbrook also agreed that it would be responsible for any legal or other costs, including attorneys' fees, incurred by Intuitive in the enforcement of the loan agreement.

7. Intuitive provided the Loaned Sum to Midbrook on December 30, 2013.  Under the terms of the parties' agreement, Midbrook was thus obliged to repay the Loaned Sum in full by no later than December 30, 2014.

8. Midbrook has failed to repay any portion of the Loaned Sum.

9. On August 12, 2015, Jamie Samath, Vice President of Intuitive, directed a letter to Milton Lutz, Chief Executive Officer at Midbrook, demanding full repayment of the Loaned Sum, plus interest, in accordance with the parties' agreement.

10. As of the date of this Complaint, Midbrook has failed to respond to Intuitive's demand letter, and has not made any payments toward the Loaned Sum.

### COUNT ONE: BREACH OF CONTRACT

11. Intuitive alleges and incorporates by reference, as though fully set forth, all the preceding paragraphs.

12. On December 23, 2013, Intuitive and Midbrook entered into a written agreement signed by individuals authorized to do so.

13. Intuitive performed all of its obligations under the agreement.  Specifically, on December 30, 2013, Intuitive transferred to Midbrook the Loaned Sum of $583,120.

14. Midbrook breached its contractual obligations under the agreement.  Specifically, despite agreeing to repay the Loaned Sum in full within 12 months of disbursement by Intuitive, Midbrook has failed to repay any portion of the Loaned Sum.  Midbrook's performance was not excused in any way.

15. As a direct and proximate result of Midbrook's breach of the parties' agreement, Intuitive has sustained damages in the amount of $583.120, plus interest, expenses, and costs, including reasonable attorneys' fees, in an amount to be proven at trial.

### COUNT TWO: BREACH OF THE COVENENT OF GOOD FAITH AND FAIR DEALING

16. Intuitive alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

17. On December 23, 2013, Intuitive and Midbrook entered into a written agreement signed by individuals authorized to do so.

18. Intuitive performed all of its obligations under the agreement. Specifically, on December 30, 2013, Intuitive transferred to Midbrook the Loaned Sum of $583,120.

19. Midbrook unfairly interfered with Initiative's right to receive the benefits of the contract by failing to repay the Loaned Sum within 12 months of receiving the funds from Intuitive. Midbrook's performance was not excused in any way.

20. As a direct and proximate result of Midbrook's conduct, Intuitive has sustained damages in the amount of $583.120, plus interest, expenses, and costs, including reasonable attorneys' fees, in an amount to be proven at trial.

## COUNT THREE: CONVERSION

21. Intuitive alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

22. At all relevant times, and in particular as of December 30, 2014—the date upon which the parties agreed that Midbrook would repay to Intuitive the entirety of the Loaned Sum—Intuitive was and remains the owner with right to possession of the Loaned Sum of $583,120.

23. Intuitive did not consent to Midbrook's continued possession of the Loaned Sum after the agreed-upon repayment date. In fact, on August 12, 2015, Intuitive directed a letter to Midbrook demanding immediate repayment of the Loaned Sum.

24. At the time of Initiative's demand, Midbrook was aware that the Loaned Sum did not belong to it and that Intuitive was entitled to the Loaned Sum. As of the filing of this Complaint, Midbrook has not responded to Intuitive's demand letter or made any payments on the Loaned Sum. This action by Midbrook was done with the intent of depriving Intuitive of money lawfully belonging to it and has substantially interfered with Intuitive's right to possession of the Loaned Sum.

25. As a direct and proximate result of Midbrook's conduct, Intuitive has sustained damages in the amount of $583.120, plus interest, expenses, and costs, including reasonable attorneys' fees, in an amount to be proven at trial.

26.     The aforementioned conduct by Midbrook was intended to cause injury to Intuitive, was despicable conduct carried out by Midbrook in willful and conscious disregard of Intuitive's rights, subjected Intuitive to cruel and unjust hardship, and/or constitutes intentional misrepresentation, deceit, or concealment of a material fact known to Midbrook with the intent to thereby deprive Intuitive of property or legal rights, or otherwise cause injury to Intuitive, so as to warrant an award of punitive and exemplary damages against Midbrook and in favor of Intuitive.

## PRAYER FOR RELIEF

Intuitive respectfully requests entry of judgment in its favor against Midbrook for the following:

a) An award of compensatory damages;

b) An award of exemplary and putative damages;

c) An award of prejudgment interest, costs, and attorneys' fees; and

d) An award of such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury.

Date: February 3, 2016            Respectfully submitted,

SINGER / BEA LLP

By:___/s/ Adam Cashman___
    Adam Cashman
    Doug Tilley
    Stephanie L. Cobau
    *Attorneys for Plaintiff Intuitive Surgical Operations, Inc.*